FILED
2012 Aug-23  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT KUYKENDALL, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | |
| | ) | 7:11-cv-2430-LSC |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION

I.     Introduction.

The claimant, Jeffrey Scott Kuykendall, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB"). Kuykendall timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Kuykendall was forty-five years old at the time of the Administrative Law Judge's ("ALJ") decision, and he has an eleventh grade education. (Tr. at 128.) His

past work experiences include employment as a construction worker and gas rig laborer. (*Id.* at 26, 152.) Kuykendall claims that he became disabled on July 2, 2004. (*Id.* at 117.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Kuykendall meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 21.) He further determined that Kuykendall has not engaged in substantial gainful activity since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's "anxiety disorder, status post cervical

strain, right carpal tunnel syndrome, [and] borderline intellectual functioning" are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 23.) The ALJ determined that Kuykendall "has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) except the claimant's contact with the public and co-workers should be casual and feedback should be supportive, tactful and non-confrontational." (*Id.*) The ALJ further noted that "[t]he claimant has mild to moderate pain which also reduces his capacity for the full range of light work." (*Id.*)

Using the testimony of a vocational expert, the ALJ determined that Kuykendall would not be able to perform his past relevant work, but considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Kuykendall can perform. (Tr. at 26–27.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since November 15, 2007, the date the application was filed." (*Id.* at 28.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is

a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the

decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Kuykendall's brief presents a scattered array of arguments for why the ALJ's decision should be reversed and remanded. Unfortunately, most, if not all, of these arguments are merely assertions and conclusory statements entirely unsupported by citations to the record or the evidence. For instance, Plaintiff's brief makes the following argument: "Plaintiff submits that the ALJ did not even consider all of his diagnoses particularly his depression." (Doc. 8 at 12.) However, Plaintiff fails to present any evidence supporting this argument. The brief does not identify the place in the record showing when Plaintiff was diagnosed with depression, nor does it identify any legal authority requiring the ALJ to give such a diagnosis more weight than he did. Furthermore, this is just one example among many. In fact, the legal argument section of Plaintiff's brief only makes one citation to the record (Doc. 8 at 11–17), and that citation is to the portion of the ALJ's opinion explaining his rationale, not to any piece of evidence supporting Kuykendall's arguments. (*Id.* at 11.)

Given the conclusory nature of Plaintiff's arguments and his failure to support

his position with citations to the evidence, this Court is inclined to agree with the Commissioner that "Plaintiff's arguments should be deemed waived." (Doc. 9 at 3.) *See, e.g.*, *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting claimant waived issues because he did not elaborate on issue or provide citation to authority related to issue); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived.").

However, even if the arguments are not waived, the claimant still bears the burden of proving he was disabled within the meaning of the Social Security Act. *See* 42 U.S.C §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. § 416.912(a), (c); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). This burden cannot be satisfied by a claimant's subjective opinion that a disabling condition exists. Rather, the record must include medical signs and findings showing the existence of a medical impairment that, when considered with all the other evidence, would lead to the conclusion that claimant was disabled. *See* 42 U.S.C §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. §§ 404.1529(a), 416.929(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Plaintiff has failed to provide evidence supporting his allegation of disabling symptoms and thus has not carried his burden before this Court.

Nevertheless, despite Plaintiff's failure to present evidence supporting his claims, the Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record and will attempt to respond to Plaintiff's contentions.

A.      Treating Physician's Diagnosis

Plaintiff contends that the ALJ failed to accord appropriate weight to the opinion of his treating physician, Dr. Raquib. Specifically, Plaintiff complains that the ALJ improperly evaluated Dr. Raquib's opinion that "he did not believe that Plaintiff would be unable to hold a meaningful job." (*Id.*)

As an initial matter, the Court must be mindful of the fact that opinions regarding whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's residual functional capacity. *See, e.g.*, 20 C.F.R. § 404.1546(c).

Accordingly, it was entirely proper for the ALJ to reject Dr. Raquib's opinion

that Plaintiff was disabled and unable to hold a meaningful job because this question was reserved for the Commissioner. The ALJ has the responsibility of determining whether Plaintiff was able to work, and therefore, Dr. Raquib's opinion regarding the issue was not entitled to special significance or controlling weight. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)

An ALJ may additionally refuse to give "substantial or considerable weight" to the opinion of a treating physician if "'good cause' is shown to the contrary." *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis*, 125 F.3d at 1140). There are a variety of reasons an ALJ may find "good cause" to give less weight to a treating physician's opinion, such as: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

The ALJ articulated "good cause" for discounting Dr. Raquib's opinions, including that: (1) Dr. Raquib's opinions were inconsistent with his own diagnostic

testing and physical examination; (2) Dr. Raquib's findings were inconsistent with the findings of Dr. Moody and other physicians, such as Dr. Houston; and (3) Plaintiff's daily activities were inconsistent with Dr. Raquib's findings and undermined Dr. Raquib's opinions. (Tr. at 25.)

The record supports the ALJ's conclusion that Dr. Raquib's treatment records conflicted with his opinion about Plaintiff's ability to hold a job. Despite Dr. Raquib's opinion that Plaintiff was unable to hold any type of meaningful job, his treatment records often indicated that Plaintiff's condition was stable or controlled with medication. For example, Dr. Raquib's medical records from March 25, 2007, state that Plaintiff's chronic low back pain was stable. (Tr. at 325.) Similarly, records from a December 20, 2007 visit report that Plaintiff's lumbar pain was stable with his current analgesic therapy and that his lumbar muscle spasms were controlled with muscle relaxers. (*Id.* at 314.) Additionally, on several different visits, Dr. Raquib reported that Plaintiff's carpal tunnel syndrome was symptomatically stable. (*Id.* at 310, 314.)

The ALJ also correctly rejected Dr. Raquib's opinion because it was inconsistent with other doctors who examined Plaintiff, namely Dr. John Moody. Dr. Moody examined Plaintiff on February 9, 2008, and reported essentially normal

findings. (Tr. at 262.) Dr. Moody's consultive examination revealed no evidence of deformities, atrophy or muscle spasm in any muscle group. (*Id.*) Although Plaintiff was tender to palpitation of the spinous process through the lumbar spine, no paraspinal muscle tenderness was present. (*Id.*) Dr. Moody stated that Plaintiff had mild degenerative changes in the back but there were no significant defects with regard to range of motion of the dorsolumbar spine. (*Id.*) Most importantly, Dr. Moody did not identify any functional limitation restricting Plaintiff's movements or activities, nor did he state Plaintiff was disabled, unable to work, or incapacitated for duty. (*Id.* at 259–62.)

Finally, the ALJ acted properly when he considered the range of Plaintiff's daily activities as grounds for rejecting Dr. Raquib's opinion. For example, Plaintiff said he cut the grass, vacuums, lived alone, and performed household tasks, such as cooking, cleaning, and doing laundry. (Tr. at 133, 260.) While perhaps these activities are not alone sufficient to find Plaintiff capable of working, the ALJ did not rely solely on Plaintiff's activities in discounting his subjective complaints. (Tr. at 25–26.) Instead, the ALJ properly considered Plaintiff's activities together with the other evidence in accordance with the regulations, SSR 96-7p, and Eleventh Circuit case law. *See* 20 C.F.R. § 416.29(c)(3)(i); *Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005).

B.     Dr. Groff's Diagnosis

Plaintiff next contends that the ALJ improperly rejected the opinion of one-time consultive examiner, Dr. John R. Goff. One-time examiners are not entitled to the same degree of deference as treating physicians. The Eleventh Circuit has stated that an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion" provided that the ALJ "state[s] with particularity the weight he gives to different medical opinions and the reasons why." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006).

The ALJ properly articulated valid reasons for rejecting Dr. Goff's opinion. The ALJ stated that "while the claimant has had bereavement issues that have adversely colored his life recently, he is not mentally retarded, and his lumbar pain and spasms are not disabling." (Tr. at 26.) This statement is adequately supported by the record. Although Dr. Goff opined that Plaintiff's scores on the WAIS-III test fell within the mildly retarded range of intelligence (Tr. at 267), he did not state that Plaintiff was mentally retarded nor make a diagnosis of mental retardation. Further, there is no evidence in Dr. Goff's psychological assessment (Tr. at 265–70) indicating that Plaintiff met all the diagnostic criteria for mental retardation. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (DSM-IV) (4th ed. Text

rev. 2000).

The ALJ also noted that Dr. Goff's opinion was inconsistent with the opinion of Dr. Houston, who opined that claimant was "capable of performing his basic daily activities and that his activities were only moderately restricted." (Tr. at 26.) The ALJ additionally noted Dr. Houston's findings that claimant was able to concentrate, was persistent, that he adapted well to the changing conditions of the evaluation, and that he was capable of independent functioning. (*Id.*) These findings are adequately supported by the record. (Tr. 275–76.) Furthermore, because Dr. Houston and Dr. Goff were both one-time consultative examiners, neither opinion was automatically entitled more weight. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Accordingly, the Court finds no error in ALJ's weighing the testimony of Dr. Goff.

C.     Dr. Ravello's Diagnosis

Plaintiff contends that the ALJ gave undue weight to the opinion of Dr. Ravello because she did not examine Plaintiff or review all the evidence. It is clearly a misunderstanding of the law to suggest that a non-examining doctor must always be accorded little or no weight. In fact, current regulations establish that the opinion of a non-examining doctor may even override the opinion of a treating doctor, provided the record supports the non-examining doctor's opinion. *See* 20 C.F.R. § 416.927(d),

(f); 56 Fed. Reg. 36,932, 36,936-37, 36,953, 36, 969 (Aug. 1, 1991). The ALJ's opinion does not indicate that he gave disproportionate weight to Dr. Ravello's opinion. Rather, the ALJ simply recognized that Dr. Ravello's opinion was consistent with the record as a whole (Tr. 277–79), and he used it as one reason among many supporting his overall conclusion that Plaintiff was not entitled to benefits. The ALJ, therefore, properly considered Dr. Ravello's opinion, together with the other evidence, in evaluating Dr. Goff's opinions and Plaintiff's allegations. *See* 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(d)(4), (f)(2); *see also Jarrett v. Comm'r of Social Security*, 422 F. App'x 869, 872–74 (11th Cir. 2011).

> D.   Plaintiff's Depression

Finally, Plaintiff asserts that the ALJ did not adequately consider his depression. A diagnosis of a medical condition is not alone a sufficient basis for awarding disability benefits. Rather, the ALJ must consider the diagnosis and evaluate whether the medical condition causes severe functional limitations that would warrant a finding of severe impairment. *See. McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.").

Although Plaintiff was at one time diagnosed with several mental conditions

(Tr. at 270, 276), the evidence in the record does not indicate that these impairments interfered with his ability to perform basic work activities for any consecutive twelve-month period. The ALJ noted that Plaintiff's treating physician, Dr. Raquib, stated that Plaintiff's depression was a situational disorder related to several traumatic events (Tr. at 298, 301, 303), and on April 8, 2008, stated Plaintiff's depression was stable. (Tr. at 305). It is Plaintiff's responsibility to establish that some functional limitations resulted from his medical condition. *See McCruter*, 791 F.2d at 1547. Plaintiff has failed to show that his depression interfered with his ability to perform basic work activities in excess of the limitations the ALJ articulated in his residual function capacity finding. Accordingly, the Court sees no reason to disturb the ALJ's conclusion.

IV.     Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 23rd day of August 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[170956]